COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-319-CR

   
JAMES 
WALLY EDWARDS                                                     APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
James Wally Edwards was convicted by a jury of robbery-bodily injury and 
sentenced to eighteen years’ confinement in the Institutional Division of the 
Texas Department of Criminal Justice. In one point, he contends that the 
evidence is legally and factually insufficient to support his conviction. 
Because we hold that the evidence is sufficient to support his conviction, we 
affirm the trial court’s judgment.
        Appellant 
placed a pizza order by telephone from Apartment 160 of the Wyndham Chase 
Apartments. He pretended that he was calling from and instructed that the pizza 
be delivered to Apartment 147 of the Oak Hollow Apartments. These apartment 
complexes are a few blocks from each other. According to Appellant’s 
statement, which was admitted into evidence, Appellant and two buddies, J.R. and 
E., later went to Country Haven store, a neighborhood convenience store located 
across the street from Oak Hollow Apartments and visible from the sidewalk 
outside Apartment 147. J.R. said, “Let’s go hit this lick,” and the three 
friends went to Oak Hollow Apartments “to do it.” Appellant stated that E. 
grabbed the pizza, J.R. beat the complainant, and he ran when he heard her yell. 
According to Appellant’s statement, all he did was place the pizza order. That 
is enough.
        Appellant 
contends that the fact that the complainant did not positively identify him as 
one of the attackers makes the evidence insufficient. Appellant’s statement, 
however, provides that he called in the phony pizza order, that he went “to do 
it” with J.R. and E., that he was at the scene while “it” was happening, 
and that he fled the scene when he heard the complainant yell.
        Appellant 
also contends that the evidence did not sufficiently explain what “hit this 
lick” means. The testimony from police officers showed that “hit this 
lick” can mean to commit an offense, including but not limited to robbery, 
burglary, or theft; it can also mean to smoke dope. The phrase’s meaning 
depends on the context in which it is used. In his statement, Appellant used the 
phrase in the context of describing a robbery-bodily injury. Applying the 
appropriate standards of review for legal[2]  and 
factual sufficiency,[3]  we hold that the 
evidence is both legally and factually sufficient to support Appellant’s 
conviction. We therefore overrule his sole point and affirm the trial court’s 
judgment.
 
  
                                                                  PER 
CURIAM
  
PANEL F:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 19, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State, 
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).
3. 
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 
129, 134 (Tex. Crim. App. 1996).